UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

```
SOUTHERN DISTRICT OF MISS
        FILED
      MAY 1 8 2007
    J T NOBLIN, CLERK
BY_____ DEPUTY
```

| | |
|---|---|
| SARAH CAVIN, individually ) <br> and all others Persons Similarly Situated, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> MENU FOODS; MENU FOODS ) <br> INCOME FUND; MENU FOODS ) <br> GEN PAR LIMITED; MENU FOODS ) <br> LIMITED PARTNERSHIP; MENU ) <br> FOODS OPERATING PARTNERSHIP; ) <br> MENU FOODS MIDWEST CORP; ) <br> MENU FOODS SOUTH DAKOTA; ) <br> MENU FOODS, INC.; MENU FOODS ) <br> HOLDINGS, INC.; MENU FOODS, INC.; ) <br> WAL-MART STORES, INC; ) <br> ) <br> Defendants ) | Case No. 5:07cv105 DCB-JMR |

## CLASS ACTION COMPLAINT

Plaintiff, Sarah Cavin through her undersigned counsel, on behalf of herself and all others similarly situated, upon both personal knowledge and information and belief, alleges as follows:

1. This class action is brought against Defendants for negligently contaminating the pet food supply making the food unfit for consumption and harmful and for purposefully failing to warn consumers of the contaminated pet food. As a result of Defendant's actions, Plaintiff and other similarly situated pet owners have been damaged.

## PARTIES

2. Plaintiff Sarah Cavin is a resident of Adams County, Mississippi. Plaintiff's dog, "Lucky," suffered illness due to the contaminated food produced, distributed, marketed, and sold by the Defendant. Plaintiff fed Lucky Ol' Roy dog food which was manufactured by Menu Foods exclusively for Wal-Mart Stores, Inc.

3. Defendant, Menu Foods Income Fund (Menu Foods) is an unincorporated company with its principal place of business in Ontario, Canada. It is doing business in the State of Mississippi and has availed themselves of the protections of the State of Mississippi. Jurisdiction is appropriate pursuant to the Mississippi Long Arm Statute, and service may be affected through the Hague convention on service abroad of judicial and extrajudicial documents and civil or commercial matters at 8 Falconer Drive, Streetsville, ON, Canada L5N 1B1.

4. Defendant, Menu Foods Midwest Corp., is a Delaware corporation and may be served through its registered agent for service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington DE. Defendant, Menu Foods Holding, Inc., is a Delaware corporation and may be served through it registered agent for service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware. Menu Foods operates two manufacturing plants in the United States and distributes their pet food products throughout the entire United States including Mississippi.

5. Defendant, Menu Foods, Inc., is a New Jersey corporation and may be served through its registered agent for service, Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey. Upon information and belief, Defendants Menu

Food Midwest Corp., Menu Foods South Dakota Inc., Menu Foods, Inc., and Menu Foods Holdings, Inc., are wholly owned subsidiaries of Menu Foods Income Fund, a business registered in and headquartered in Ontario, Canada. The above listed Defendants are hereinafter referred to collectively as "Defendants" or "Menu Foods."

6. Defendant Wal-Mart, Inc, (Wal-Mart) is a corporation headquartered in Bentonville, AR that sells Menu Food products throughout their retail stores in Mississippi and throughout the United States. Wal-Mart is the single largest distributor of Menu Foods products. Plaintiffs purchased the contaminated pet food at the Wal-Mart store in Natchez, MS. Menu Foods produced some brands of pet food exclusively for Wal-Mart under a private label agreement.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332(d)(2). The matter in controversy exceeds $5,000,000, is a class action and there are members of the proposed Class that are citizens of States different than at least one of the Defendants.

8. Venue is proper in this district under 28 U.S.C. § 1391 (b) and (d). Defendant Wal-Mart has a retail store in the District. Defendant Menu Foods Income Fund is a foreign corporation headquartered outside the United States and distributes, through retailers such as Wal-Mart, the pet food products in issue within the District. Additionally, Plaintiffs purchased the tainted pet food in the District.

## FACTS

9. Defendant, Menu Foods told the U. S. Food and Drug and Administration, that they had become aware of the contamination on February 20, 2007. Menu Foods believed that the contamination came from their supplier of Wheat Gluten. Defendant, Menu Foods conducted tests to determine if the contamination was harmful to pets on February 27, 2007. The tests resulted in death to one out of every six pets who consumed the contaminated pet food.

10. On March 6, 2007, Menu Foods received other test results which showed that of twenty cats tested three had died and six were made ill from the pet food. Three days later on the 9th, further results came back showing that of the original twenty test cats, four more had died and nine more were sick. Eighty percent of the cats tested were injured by the food and yet no recall was issued until March 16, 2007 and only after another company issued their own recall and the FDA had been contacted.

11. Defendants Menu Foods and Wal-Mart did nothing to prevent the distribution of the contaminated pet food until at least ten days after the discovery occurred. This action, or lack thereof, permitted and caused additional harm to thousands of pet owners in Mississippi and throughout the country.

12. Plaintiff owned a dog, named "Lucky" who was a very healthy one year old dog. Plaintiff fed the dog Ol' Roy Pet Food which was made by Menu Foods exclusively for Wal-Mart under a private label agreement.

13. Beginning around late February and early March, 2007, Plaintiff noticed that her dog was acting differently and had begun to lose weight. Plaintiff forced the dog

to eat more of the contaminated pet food, unaware that the pet food was contaminated and the cause of the poor health.

14. Plaintiff had to dispose of large quantities of dog food at her own expense.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings all claims as class claims pursuant to Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23 are met with respect to the Class defined below.

16. Plaintiff brings her claim on her own behalf, and on behalf of the following Class:

> All persons in the United States who purchased contaminated pet food from Wal-Mart that was produced by Menu Foods.

17. The Class is so numerous that joinder of the individual members of the proposed Class is impracticable. The Class, upon information and belief, includes millions of members.

18. Questions of law or fact common to the Class exist as to Plaintiff and all Class Members, and these common questions predominate over any questions affecting only individual members of the Class. Among the common questions of law or fact are the following:

> a. Whether Defendants were negligent in allowing pet food products in the United States to be contaminated with a dangerous ingredient that was not safe for consumption.
>
> b. Whether Defendants owed a duty to pet owners by ensuring that the pet food was not contaminated with dangerous ingredients;
>
> c. Whether Defendants' conduct amounted to breach of such a duty;
>
> d. Whether Defendants' conduct was a proximate cause of Plaintiff's

    and the Class Members' damages;

 e. Whether Defendants are responsible for the contamination of the pet food;

 f. Whether Defendants were negligent per se;

 g. Whether Defendants are strictly liable;

 h. Whether Defendants breached their warranty of merchantability.

 i. Whether Defendants produced, marketed, distributed, and sold a defective product

 j. Whether Defendants failed to adequately warn consumers of contaminated pet food.

 k. Whether Defendants purposefully failed to adequately warn consumers of contaminated food supply for economic benefit.

 l. Whether Plaintiff and the Class Members are entitled to damages, and, if so, the proper amount of such damages; and

 m. Whether Defendants purposefully failed to adequately warn consumers of contaminated food supply for economic benefit.

## COUNT I

### Negligence

19. Plaintiff incorporates by reference all of the allegations contained above.

20. Defendants owed a duty to Plaintiff to ensure that the pet food was not contaminated with dangerous and harmful ingredients.

21. Defendants breached that duty by contaminating the pet food supply with dangerous and harmful ingredient during the approximate time of January 2007 to March, 2007.

22. Defendants' actions proximately caused damage to Plaintiff and the Class.

23. Plaintiff and the Class have suffered damages by a loss of property, cost of medical bills, and cost of purchasing new, uncontaminated pet food.

## COUNT II

### Negligence Per Se

24. Plaintiff incorporates by reference all of the allegations contained above.

25. Defendants' acts and/or omissions as described herein constitute negligence per se.

26. Defendants had a duty to ensure that their pet food was produced, transported, marketed, distributed, and sold in a manner consistent with governmental regulations.

27. Defendants breached this duty in violation of regulatory standards.

28. Such breaches directly and proximately caused damages to the Plaintiff and the Class.

29. Plaintiff and the Class have suffered damages due to Defendants failure to conform to the United States Food and Drug Administration regulations.

## COUNT III

### Strict Liability- Defective in Design or Manufacture

30. Plaintiff incorporates by reference all of the allegations contained above.

31. Defendants placed into the stream of commerce an unreasonably dangerous product that is not fit for consumption and in violation of the Defendants' Warranty of Merchantability owed to Plaintiff.

32. As a result of Defendants' actions, Plaintiff and the Class Members have suffered significant damages.

33. Exercise of reasonable care by the Plaintiff and the Class members could not have eliminated the dangerous product or prevented the related injuries.

34. Plaintiff and the Class Members have been damaged enormously, and they seek injunctive relief from further contamination, compensatory damages, punitive damages for reckless and willful conduct, attorney fees and costs, and all other proper and just relief.

## COUNT IV

### Strict Product Liability - Failure to Warn

35. Plaintiff incorporates by reference all of the allegations contained above.

36. Defendants placed into the stream of commerce an unreasonably dangerous product that was not fit for consumption.

37. Defendant failed to warn Plaintiff or Class Members of the dangers on the Defendants' labels or through other means of advertising until after enormous damage had been suffered by the Plaintiff and the Class Members.

38. Even after Defendant became aware of the dangerous contamination of its pet food, they still refused to warn the consumers and allowed countless other consumers to purchase the contaminated pet food and suffer great harm.

39. As a result of Defendants' actions, Plaintiff and the Class Members have suffered significant damages.

40. Exercise of reasonable care by the Plaintiff and the Class members could not have eliminated the dangerous product or prevented the related injuries.

41. Plaintiff and the Class Members have been damaged enormously, and they seek injunctive relief from further contamination, compensatory damages, punitive

damages for reckless and willful conduct, attorney fees and costs, and all other proper and just relief.

## JURY TRIAL DEMANDED

42. Plaintiff demands a jury of twelve.

## PRAYER

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, request that she and the other Class Members have judgment entered in their favor and against Defendants, as follows:

A. An order certifying that this action, involving Plaintiff's and the Class Members' separate and distinct claims, be maintained as a nationwide class action under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their undersigned counsel to represent the Class;

B. An award, for Plaintiff's and each Class Members' separate and distinct claims, of compensatory damages and pre- and post-judgment interest thereon; and,

C. An award to Plaintiff and the Class Members of punitive damages for reckless and wanton conduct;

D. Injunctive relief to prevent further contamination of the American pet food supply.

E. All other appropriate and just relief.

DATED: May 18, 2007.

Bradley T. Hayes
Of Counsel

<u>Prepared by:</u>
Bradley T. Hayes
Attorney-at-Law
804 State Street
Natchez, Mississippi 39120
Telephone: (601) 442-0511
MBN: 100598